UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

───────────────────────────────────────────────

| | |
|---|---|
| United States of America, | File No. 20-cr-229 (ECT/BRT) |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Demetrius Demarco Spencer, | |
| Defendant. | |

───────────────────────────────────────────────

Allison Kim Ethen, Quinn Askew, Samantha H. Bates, Thomas Calhoun-Lopez, and William C. Mattessich, United States Attorney's Office, Minneapolis, MN, for Plaintiff United States of America.

Demetrius Demarco Spencer, *pro se*.

───────────────────────────────────────────────

Defendant Demetrius Demarco Spencer has filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF No. 121. On March 1, 2022, after a two-day trial, a jury found Spencer guilty of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). ECF. No. 70; *see also* ECF No. 1. Several months later, he was sentenced to 120 months' imprisonment, followed by three years of supervised release. ECF No. 95. Spencer is currently serving this sentence at the Federal Correctional Institution in Greenville, Illinois, with a projected release date of January 11, 2031. *See* Fed. Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited Dec. 21, 2023).

Spencer claims that his conviction and sentence should be vacated because a police officer lied on the witness stand, his attorney failed to "test" the firearm found in his

possession, and the Bureau of Prisons miscalculated the length of his sentence. He also states that he wants "to know how to get the 'first Step Act.'" ECF No. 121-2 at 3.[1] This final claim does not otherwise appear in Spencer's motion, although in addition to a new trial, he seeks relief in the form of "access to first Step Act." *Id.* at 12.

I

A person serving a federal sentence may move to vacate, set aside, or correct his conviction or sentence on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The movant bears the burden to establish that his conviction or sentence violated either the Constitution or federal law. *United States v. Hill*, 215 F. Supp. 3d 823, 826 (D. Minn. 2016).

Relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). Thus, not all claims of error in a conviction or sentence are cognizable in a § 2255 proceeding. *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc). Claims not raised on direct appeal generally may not be raised in a motion to vacate under § 2255. *Jennings v. United States*, 696 F.3d 759, 762 (8th Cir. 2012). "Where a defendant has procedurally defaulted a claim by failing to raise it on

---

[1] Page numbers reflect the document's pagination in the District of Minnesota's ECF system.

2

direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted).

## II

To the extent Spencer's claim regarding the officer's testimony and the "testing" of the firearm are direct challenges to the evidence adduced at trial, Spencer did not raise these claims in his direct appeal, and they are subject to the procedural-default rule. His very spare motion does not argue that any of the exacting exceptions to the rule would apply to save his claims from dismissal. *See, e.g.*, *Dansby v. Payne*, 47 F.4th 647, 659 (8th Cir. 2022) ("To show cause [to excuse a procedural default], [the movant] must demonstrate that his failure to comply with the . . . procedural rule was attributable to 'some objective factor external to the defense.'") (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)); *Shinn v. Ramirez*, 596 U.S. 366, 379–80 (2022) (noting that "actual prejudice" requires more than an allegation "that 'the errors at . . . trial created a *possibility* of prejudice,' but rather that the constitutional violation 'worked to his *actual* and substantial disadvantage.'") (quoting *Murray*, 477 U.S. at 494); *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (holding that a habeas petitioner claiming actual innocence "must show that it is more likely than not that no reasonable juror would have convicted him"). Although given time to do so, Spencer did not file a reply memorandum to elucidate any potential claim of cause, prejudice, or actual innocence, and none can be gleaned from the record. His substantive claims regarding the evidence at trial are therefore procedurally defaulted.

Construing Spencer's claims liberally, however, his reference to his previous failed attempt to argue these issues and his belief that counsel would raise the issues could be an attempt to claim ineffective assistance of counsel for failing to press these evidentiary issues on appeal. *See Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004) ("When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."). Claims of ineffective assistance of counsel are not subject to the usual procedural-default rules. *United States v. Pherigo*, 327 F.3d 690, 696 (8th Cir. 2003) ("Claims of ineffective assistance of counsel are properly raised in a post-conviction motion under 28 U.S.C. § 2255 and not on direct appeal.").

To prevail on a claim that counsel rendered ineffective assistance, Spencer must establish both that his appellate attorney's performance was deficient and that he was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 689–93 (1984). Courts must presume that attorneys provide effective representation, and "will not second-guess strategic decisions or exploit the benefits of hindsight." *Henderson v. Norris*, 118 F.3d 1283, 1287 (8th Cir. 1997). Indeed, any "scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. And even if Spencer could show that his appellate counsel's performance was deficient, counsel's assistance is unconstitutional only "if the deficiencies actually affected [Spencer's] appellate proceedings." *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005). Put differently, Spencer "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the

4

proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Before Spencer's trial, the government moved in limine to admit evidence under Rule 404(b) of Spencer's 2013 federal conviction for being a felon in possession of a firearm.  ECF No. 39.  Because the prior incident was similar to the charged offense and was not overly remote in time, the motion was granted.  ECF No. 57.  Near the end of its case-in-chief, the government proffered the testimony of the police officer who arrested Spencer for the prior offense.  Minneapolis Police Officer Joshua Stewart testified that in 2012 he witnessed Spencer take a gun-shaped item out of his pocket, lean into a nearby car, and put the item into the car.  Tr. [ECF No. 113] at 155, 157.  When Officer Stewart investigated, he found a 9-mm handgun under the seat of the car.  *Id.* at 156–57.

Spencer asserts that Officer Stewart "got on the stand and testified about my last case in which he wrote in his Report that he seen me put a gun under a seat and lied, and on this case he said the same thing."  ECF No. 121-2 at 16.  Spencer contends that "you can find two different [stories] if you read his Direct on this case and his cross on my last case."  *Id.*  Having reviewed Officer Stewart's testimony in the previous matter and his testimony in this case, it appears that Spencer takes issue with Officer Stewart's statement that he believed Spencer put the gun under the front passenger seat, *id.* at 155, when in the prior case he testified—and wrote in his police report—that Spencer put the gun under the driver's seat.  Trial Tr., *United States v. Spencer*, No. 12-cr-280 (MJD/JJK), ECF No. 84, at 155–56.  Spencer's allegation thus appears to be that Officer Stewart's testimony regarding the circumstances of Spencer's prior arrest was false.

5

Officer Stewart's testimony did not establish Spencer's guilt for the crime charged here and was not intended to do so. It merely provided facts to the jury regarding Spencer's prior conviction for a similar crime—possession of a firearm—to show his "knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Whether Spencer committed the prior offense in the precise way Officer Stewart described was unimportant. Moreover, Spencer's attorney cross-examined Officer Stewart regarding the differences between the prior arrest and the instant offense. Tr. at 158–59. And the evidence here was overwhelming that Spencer possessed the weapon involved: an eyewitness at whom Spencer pointed the weapon testified to that fact. *Id.* at 37. Any appellate challenge that relied on the differences between Officer Stewart's 2013 testimony and his testimony in this case would not have changed the outcome of Spencer's appeal. Spencer's attorney did not render ineffective assistance in failing to raise on appeal the issue of Officer Stewart's allegedly false testimony.

Spencer's second contention is more difficult to discern. He appears to claim that his attorney erred by "no testing of evidence." ECF No. 121-2 at 3. His only elaboration is that "It was haif [or half] on this firearm it was not tested." *Id.* at 16. Although pro se pleadings must be liberally construed, "they still must allege sufficient facts to support the claims advanced." *Stone*, 364 F.3d at 914. "[T]he court need not act as a clairvoyant, trying to read the tea leaves of a pro se motion to determine what the movant actually seeks. A litigant, even a pro se one, bears some responsibility for advocating for himself." *In re Heyl*, 609 B.R. 194, 202 (B.A.P. 8th Cir. 2019). There is no discernible claim regarding the firearm in this case. The gun was tested for DNA and fingerprints, but the lab was

6

unable to find sufficient fingerprints or DNA for analysis. *See* Tr. at 25. Appellate counsel did not render ineffective assistance in failing to argue on appeal any failure to "test" the firearm.

III

Spencer argues that the Bureau of Prisons has miscalculated his sentence. As noted, Spencer received a sentence of 120 months' imprisonment for the instant offense. ECF No. 95. The 120-month term was to be served consecutively with the time Spencer had been detained after violating the terms of his supervised release in his previous criminal matter. *Id.* at 2. The record does not reflect precisely how long Spencer had been detained on his supervision violation, although the discussion indicates that at the time of sentencing he had served roughly 45 days less than 24 months, or approximately 22 and one-half months. Sent. Tr. [ECF No. 114] at 31. Assuming this to be true, as Spencer does, his total sentence was therefore 142 and one-half months. Documents Spencer attaches to his motion show that the Bureau of Prisons has calculated Spencer's total sentence as 146 and one-half months. ECF No. 121-2 at 15.

Unfortunately for Spencer, however, a § 2255 motion is not the appropriate way to challenge an alleged sentencing miscalculation. Rather, Spencer must first seek review of his sentence's computation though his facility's administrative procedures. *See* 28 C.F.R. §§ 542.10–.16 (describing Bureau of Prisons' Administrative Remedy Program). If he is dissatisfied with the result of the administrative procedure, he may bring a habeas petition under 28 U.S.C. § 2241 in the federal judicial district in which his correctional facility is located. *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006).

7

IV

Spencer's final claim asks for information regarding the First Step Act. Among other provisions, the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (2018), provides federal prisoners the opportunity to earn time credits for participation in certain programs and activities. *See Salter v. Fikes*, No. 20-cv-2253 (ECT/ECW), 2021 WL 2365041, at *1 (D. Minn. May 5, 2021), *R. and R. accepted*, 2021 WL 2354934 (D. Minn. June 9, 2021). These time credits apply to a prisoner's residential reentry center placement, home confinement, or supervised release. *Id.*; *see also* 18 U.S.C. § 3632(d)(4)(C).

Spencer does not argue that he has participated in programs or activities for which he should be, but is not, receiving time credits under the First Step Act. But even if he made that argument, it is not properly raised in a motion to vacate his sentence under 28 U.S.C. § 2255. A challenge to the Bureau of Prisons' calculation of time credits, as with Spencer's argument regarding the calculation of his sentence, must be raised in a petition under 28 U.S.C. § 2241 and only after Spencer exhausts his administrative remedies within the facility as to that claim. *See Salter*, 2021 WL 2365041, at *2 (discussing exhaustion requirement for challenge to First Step Act time-credit calculations). Spencer is not entitled to relief under § 2255.

V

Section 2255 requires an evidentiary hearing on the motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). But a motion "can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the

8

allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995). Spencer's claims lack any evidentiary support, are contradicted by the record, and even if true do not entitle him to relief under § 2255. An evidentiary hearing is not warranted.

Finally, district courts possess authority to issue certificates of appealability for proceedings under § 2255. *Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1). Moreover, "[a] certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing is "a showing that the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994). Spencer's § 2255 motion is without merit, and he has raised no issues that warrant further proceedings. As such, he has not made the "substantial showing of the denial of a constitutional right" necessary for the issuance of a certificate of appealability.

## ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Defendant Demetrius Demarco Spencer's Motion to Vacate under 28 U.S.C. § 2255 [ECF No. 121] is **DENIED**.

2. No certificate of appealability shall issue.

Dated: December 21, 2023

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court